

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2009

# Gunawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gunawan v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2079.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2079

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3117
_____

DJUANDI GUNAWAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-462-337)
Immigration Judge: Honorable Rosalind Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2008

Before: BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 5, 2009)

OPINION
_____

PER CURIAM

Petitioner Djuandi Gunawan, an ethnic Chinese Christian who is a native and

citizen of Indonesia, filed a petition for review of the final order of removal of the Board

of Immigration Appeals (BIA) issued on June 13, 2007.

We assume the parties' familiarity with the underlying facts in this case and, thus,

we summarize only the pertinent procedural history. In 2002, Gunawan filed an asylum application which was referred to the Immigration Court. The Department of Homeland Security ("DHS") issued a Notice to Appear charging Gunawan with being subject to removal under the Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for overstaying his travel visa. He conceded removability. In seeking asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT), Gunawan claimed that he and his family were persecuted in the past and plausibly feared future persecution in Indonesia on the basis of his Chinese ethnicity and Christian religion. On August 22, 2005, the Immigration Judge ("IJ") denied relief based on a review of the testimonial record and documentary evidence, including the testimony and submissions of the expert witness, Jeffrey Winter, Ph.D., and the 2004 Country Report. The IJ concluded that Gunawan failed to demonstrate that he suffered past persecution or that he had a well-founded fear of future persecution on account of a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. On March 12, 2007, the BIA affirmed the IJ's decision without opinion. On April 1, 2007, Gunawan filed a motion for reconsideration with the BIA, which the BIA denied on June 13, 2007. Gunawan then filed a petition for review on July 13, 2007.

II.

As a threshold matter, we address the government's argument that we lack jurisdiction to review the BIA's March 2007 decision because Gunawan failed to file a

2

timely petition for review as to that order. Gunawan did not address this jurisdictional issue in his opening brief, and he has not filed a reply brief.

A petition for review must be filed not later than thirty days after the date of a final order of removal. See 8 U.S.C. § 1252(b)(1); McAllister v. Attorney General, 444 F.3d 178, 185 (3d Cir. 2006). Gunawan's petition for review was filed on July 13, 2007, well beyond the thirty-day deadline for filing a petition for review of the BIA's March 12, 2007 order.

Gunawan's petition for review *is* timely as to the BIA's June 13, 2007 decision denying reconsideration. That the petition is timely as to the June 2007 decision, however, does not cure the jurisdictional defect with respect to Gunawan's petition for review of the BIA's earlier decision. See Stone v. INS, 514 U.S. 386, 394 (1995) (deportation orders are to be reviewed in a timely manner after issuance, regardless of the later filing of a motion to reopen or reconsider). Thus, we conclude that Gunawan's petition for review is untimely as to the BIA's March 12, 2007 decision and we lack jurisdiction to consider it.

### III.

Next, the government argues that although the petition for review was timely filed as to the BIA's June 2007 order denying reconsideration, Gunawan has waived his appeal of the June 2007 BIA order because he failed to raise any issue in his brief with respect to the denial of reconsideration. We agree that we are not in a position to review the order

3

of the BIA denying Gunawan's motion for reconsideration.  Under Rule 28, Federal Rules of Appellate Procedure, "the appellant is required to list the issues raised on appeal and present an argument in support of them."  Nagle v. Alspach, 8 F.3d 141, 143 (3d. Cir. 1993).  Pursuant to Rule 28, "the argument . . . must contain . . . appellant's contentions and the reasons for them . . . ."  Rule 28(a)(9), Fed. R. App. P.  In his brief, Gunawan failed to identify the BIA's denial of his motion for reconsideration as an issue in his statement of issues and provided no written argument regarding the denial.  Accordingly, he has abandoned and waived the issue.  Nagle, 8 F.3d at 143. ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the Appellant has abandoned and waived that issue on appeal.").

Accordingly, the petition for review will be denied.